IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOYD FLOTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. |
| v. | ) |
| | )  JURY TRIAL DEMANDED |
| TEAM WORLDWIDE CORPORATION, | ) |
| | ) |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff Boyd Flotation, Inc. ("Boyd"), by and through its attorneys, and for its Complaint against Defendant Team Worldwide Corporation ("TWW"), alleges as follows:

## THE PARTIES

1.      Boyd is a Missouri corporation having a principal place of business at 2440 Adie Road, Maryland Heights, Missouri 63043.

2.      Upon information and belief, TWW is a Taiwanese corporation having a principal place of business at 9F., No. 24, Songzhi Rd., Xinyi District Taipei City 110, Taiwan R.O.C.

3.      Upon information and belief, TWW manufactures air bed and other products and offers for sale, and sells, these products throughout the United States and in this judicial district.

## NATURE OF THE ACTION

4.      This Complaint seeks declaratory judgment determinations that certain claims of U.S. Patent No. 7,246,394 ("the '394 patent"), U.S. Patent No. 7,346,950 ("the '950 patent") and U.S. Patent No. 9,211,018 ("the '018 patent") are invalid under 35 U.S.C. 101, *et seq.*

5.      Upon information and belief, and pursuant to a Complaint filed on March 29, 2017 in the Eastern District of Texas by TWW against Wal-Mart Stores, Inc., Wal-Mart Stores

1

Texas, LLC, Wal-Mart.com USA LLC, and Sam's West, Inc. d/b/a Sam's Club, Case No. 2:17-cv-00235-JRG ("the Walmart Litigation"), TWW purports to be the owner of the '394 patent, the '950 patent and the '018 patent. A copy of the complaint in the Walmart Litigation is attached as Exhibit A. In the Walmart Litigation, TWW alleges that certain airbeds with an internally housed pump infringe one or more claims of the '394, '950 and '018 patents. Exhibit A.

6. This complaint against a major customer of Boyd has an impact on Boyd in this judicial district. Further, TWW has caused a subpoena to be served on Boyd within this judicial district commanding compliance within this judicial district.

7. The '394 patent is entitled "Inflatable Product with Built-in Housing and Switching Pipe." It issued on July 24, 2007. A true and correct copy of the '394 patent is attached as Exhibit B.

8. The '950 patent is entitled "Inflatable Product Provided with Electric Air Pump." It issued on March 25, 2008. A true and correct copy of the '950 patent is attached as Exhibit C.

9. The '018 patent is entitled "Inflatable Product Having an Inflatable Body and Provided with Electric Pump Having Pump Body Recessed into the Inflatable Body." It issued on December 15, 2015. A true and correct copy of the '018 patent is attached as Exhibit D.

## THE SUBSTANTIAL DISPUTE BETWEEN THE PARTIES

10. The Walmart complaint specifically identifies products sold under the Coleman®, Aerobed®, and Intex® brands. The Walmart complaint does not specifically identify Boyd or any airbeds sold by Boyd. Exhibit A.

11. On May 29, 2018, TWW filed a motion to amend its infringement contentions in the Walmart case, which, in part, seeks to specifically add patent infringement allegations against Boyd's products. Exhibit E at ECF No. 209.

12. Based on the filing of TWW's motion, a real and actual controversy exists between Boyd and TWW regarding infringement of the '394, '950 and '018 patents. Further, based on the filing of TWW's motion and the procedural posture of the Walmart case, Boyd has an imminent apprehension of harm based on the possibility that TWW may obtain a judgment against Boyd's products sold to Walmart, for which Boyd may have indemnification obligations.

13. Further, based on TWW's litigation history, Boyd believes that TWW will accuse other of Boyd's products, including those sold directly by Boyd and through other third parties other than Walmart, of infringement of the '394, '950 and '018 patents.

14. Based on controlling law, Boyd is not subject to personal jurisdiction in the Eastern District of Texas at least because Boyd does not reside in, and does not have a regular and established place of business in the Eastern District of Texas, nor has Boyd caused any acts of alleged infringement in the Eastern District of Texas.

15. By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## JURISDICTION AND VENUE

16. This is a Complaint for declaratory judgment relief under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

17. Boyd seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

18. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  More particularly, and as explained above, this action presents a justiciable controversy based on TWW's specific and directed allegations that Boyd infringes the '394 patent, the '950 patent and/or the '018 patent.

19. This Court has personal jurisdiction over TWW at least because TWW has transacted business in this state through its relationship with Boyd (including sending prototypes into this judicial district for Boyd's approval, and Boyd sending invoices for payment which Boyd received and paid in this judicial district), and on information and belief, TWW's conducting of business with others in this state, and, because TWW has purposefully directed its enforcement activities at residents of this district, including litigation against Boyd's customers who sell products in this state and within this judicial district.

20. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(c), because as a foreign corporation, TWW is not a resident in any judicial district.

## COUNT I

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,246,394)**

21. Boyd repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

22. One or more claims of the '394 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code.

23. For example, the '394 patent may be invalid under 35 U.S.C. § 102 because the claimed invention was either patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

24. As another example, the '394 patent may be invalid under 35 U.S.C. § 103 because the claimed invention would have been obvious based on the art available prior to the effective filing date of the '394 patent.

25. There exists a real and immediate controversy between Boyd and TWW concerning alleged infringement of the '394 patent, and in particular the validity of the '394

4

patent, to warrant the issuance of a declaratory judgment. This controversy arises, for example, from at least TWW's attempt to add allegations against Boyd in the Walmart case for infringement of at least claim 1 of the '394 patent. Exhibit E. TWW's attempted allegations against Boyd, alone and in combination with TWW's widespread allegations of patent infringement against others, demonstrate an intent by TWW to enforce the '394 patent against Boyd based on Boyd's direct sales as well as sales to third parties such as Walmart and others.

26. A judicial declaration is necessary and appropriate so that Boyd may ascertain its rights regarding the '394 patent.

## COUNT II

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,346,950)

27. Boyd repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

28. One or more claims of the '950 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code.

29. For example, the '950 patent may be invalid under 35 U.S.C. § 102 because the claimed invention was either patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

30. As another example, the '950 patent may be invalid under 35 U.S.C. § 103 because the claimed invention would have been obvious based on the art available prior to the effective filing date of the '950 patent.

31. There exists a real and immediate controversy between Boyd and TWW concerning alleged infringement of the '950 patent, and in particular the validity of the '950 patent, to warrant the issuance of a declaratory judgment. This controversy arises, for example,

from at least TWW's attempt to add allegations against Boyd in the Walmart case for infringement of at least claim 1 of the '950 patent. Exhibit E. TWW's attempted allegations against Boyd, alone and in combination with TWW's widespread allegations of patent infringement against others, demonstrate an intent by TWW to enforce the '950 patent against Boyd based on Boyd's direct sales as well as sales to third parties such as Walmart and others.

32. A judicial declaration is necessary and appropriate so that Boyd may ascertain its rights regarding the '950 patent.

## COUNT III

**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,211,018)**

33. Boyd repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

34. One or more claims of the '018 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code.

35. For example, the '018 patent may be invalid under 35 U.S.C. § 102 because the claimed invention was either patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

36. As another example, the '018 patent may be invalid under 35 U.S.C. § 103 because the claimed invention would have been obvious based on the art available prior to the effective filing date of the '018 patent.

37. There exists a real and immediate controversy between Boyd and TWW concerning alleged infringement of the '018 patent, and in particular the validity of the '018 patent, to warrant the issuance of a declaratory judgment. This controversy arises, for example, from at least TWW's attempt to add allegations against Boyd in the Walmart case for

infringement of at least claim 1 of the '018 patent. Exhibit E. TWW's attempted allegations against Boyd, alone and in combination with TWW's widespread allegations of patent infringement against others, demonstrate an intent by TWW to enforce the '018 patent against Boyd based on Boyd's direct sales as well as sales to third parties such as Walmart and others.

38. A judicial declaration is necessary and appropriate so that Boyd may ascertain its rights regarding the '018 patent.

## COUNT IV

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,246,394)

39. Boyd repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

40. Because one or more claims of the '394 patent are invalid, Boyd does not infringe and has not infringed, induced infringement of, or contributed to the infringement of any claim of the '394 patent, either literally or under the doctrine of equivalents.

41. As a result of the acts described in the foregoing paragraphs, there exists a real, immediate and substantial controversy between Boyd and TWW concerning alleged infringement of the '394 patent, to warrant the issuance of a declaratory judgment.

42. A judicial declaration is necessary and appropriate so that Boyd may ascertain its rights regarding the '394 patent.

## COUNT V

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,346,950)

43. Boyd repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

44.     Because one or more claims of the '950 patent are invalid, Boyd does not infringe and has not infringed, induced infringement of, or contributed to the infringement of any claim of the '950 patent, either literally or under the doctrine of equivalents.

45.     As a result of the acts described in the foregoing paragraphs, there exists a real, immediate and substantial controversy between Boyd and TWW concerning alleged infringement of the '950 patent, to warrant the issuance of a declaratory judgment.

46.     A judicial declaration is necessary and appropriate so that Boyd may ascertain its rights regarding the '950 patent.

## COUNT VI

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 9,211,018)**

47.     Boyd repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

48.     Because one or more claims of the '018 patent are invalid, Boyd does not infringe and has not infringed, induced infringement of, or contributed to the infringement of any claim of the '018 patent, either literally or under the doctrine of equivalents.

49.     As a result of the acts described in the foregoing paragraphs, there exists a real, immediate and substantial controversy between Boyd and TWW concerning alleged infringement of the '018 patent, to warrant the issuance of a declaratory judgment.

50.     A judicial declaration is necessary and appropriate so that Boyd may ascertain its rights regarding the '018 patent.

## DEMAND FOR JURY TRIAL

51.     Boyd demands a trial by jury for all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Boyd respectfully requests that the Court enter judgment in its favor granting the following relief:

A. A declaration that one or more claims of the '394 patent are invalid;

B. A declaration that one or more claims of the '950 patent are invalid;

C. A declaration that one or more claims of the '018 patent are invalid;

D. A declaration that Boyd does not and has not infringed any claim of the '394 patent;

E. A declaration that Boyd does not and has not infringed any claim of the '950 patent;

F. A declaration that Boyd does not and has not infringed any claim of the '018 patent;

G. An award of Boyd's costs pursuant to Fed. R. Civ. P. 54;

H. Any and all other available legal and equitable relief that the Court deems just and proper.

Dated: June 26, 2018                HARNESS, DICKEY & PIERCE, P.L.C.


By:   /s/ Joel R. Samuels_____
Bryan K. Wheelock, EDMO Bar No. 32571MO
Joel R. Samuels, EDMO Bar No. 63587MO
7700 Bonhomme, Suite 400
St. Louis, MO 63105
(314)726-7500 Telephone
(314)726-7501 Facsimile
bwheelock@hdp.com
jsamuels@hdp.com

*Attorneys for Plaintiff Boyd Flotation, Inc.*

9